**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff* | § | |
| | § | Case No. SA-25-CV-00805-XR |
| v. | § | |
| | § | |
| IMER GOMEZ, HELIOS VENTURE FUND, LLC, ERIC CLAXTON, HEATHER CLAXTON, *Defendants* | § | |

**ORDER ALLOWING ALTERNATIVE SERVICE**

On this date, the Court considered Plaintiff Securities and Exchange Commission's Motion for Leave to Serve Imer Gomez Via Alternative Means (ECF No. 24). After careful consideration, the Court issues the following order.

**BACKGROUND**

In July 2025, Plaintiff the Securities and Exchange Commission ("SEC") filed this suit against several defendants. All defendants except Imer Gomez are now in default. ECF Nos. 13, 18. Gomez has not yet been served. ECF No. 24.

The SEC alleges that Gomez solicited clients to open investment accounts, which Gomez said he would manage. ECF No. 1 at 1. Instead, Gomez allegedly misappropriated his clients' funds for his own uses. ECF No. 1 at 2.

The SEC has been trying to serve Gomez for about a year. In July 2025, a process server with Cavalier Courier & Process Service attempted service at a residential address in San Antonio. ECF No. 24-1 at 1. Gomez's mother answered the door and said that Gomez had never lived at

that address and that he currently lived in New York. ECF No. 24-1 at 1–2. She claimed not to know his address or any of his contact information. ECF No. 24-1 at 2.

Cavalier found six other possible addresses for Gomez, all in San Antonio. *Id.* Cavalier attempted service at each of these addresses between July 17, 2025, and August 8, 2025. At four of the addresses, Cavalier got no information about Gomez. At one (21750 Hardy Oak Blvd, Suite 104, San Antonio, TX 78258) a receptionist indicated that one of Gomez's companies, K&G Investment Solutions, LLC, used the location as a mailing address. At another (25655 Overlook Pkwy, Apt 9302, San Antonio, TX 78260), Gomez's brother indicated that Gomez had moved out of the apartment a few months prior and was living in the Stone Oak area of San Antonio. Gomez's brother could not provide any further information, such as an address or phone number. ECF No. 24-1 at 2–3.

Cavalier found two more possible addresses for Gomez, and it attempted service at each. ECF No. 24-1 at 3. Gomez had lived at one of the addresses two years prior, but the owner did not have his forwarding address. *Id.* The residents at the other address did not know of Gomez. *Id.*

Then, an unspecified government agency gave the SEC information suggesting that Gomez had relocated to Mexico. ECF No. 20 at 2. So the SEC began working with the Department of Justice's Office of Foreign Litigation ("OFL") to effectuate service there. ECF No. 24 at 2. After some delays related to a government shutdown, the OFL retained counsel in Mexico, who retained an investigator. *Id.* In May 2026, the investigator concluded that Gomez was not in Mexico and was likely in the San Antonio area. *Id.*

At that point, the SEC resumed service efforts in the San Antonio area. Cavalier failed to identify any new addresses for Gomez, but it re-attempted service at several that it had previously tried. ECF No. 24-1 at 3–4. These efforts were unsuccessful.

Most notably, the SEC received information suggesting that an occupant of Gomez's mother's apartment was "occasionally accompanied by a son" around Gomez's age. ECF No. 23-1 at 3; ECF No. 24 at 3. So Cavalier re-attempted service at Gomez's mother's address, without success. It then surveilled the address for over eight hours "across varying timeframes" and saw no one enter or exit the apartment. ECF No. 24-1 at 3–4.

In January 2026, the SEC emailed a copy of the summons and complaint to an email address Gomez had previously used to communicate with the SEC (imergomez@icloud.com). The email was not returned as undeliverable, but the SEC has received no response. ECF No. 24-2.

The SEC moves for leave to serve Gomez using the above email address. It argues that Gomez's location is unknown and that he appears to be evading service. So, the SEC says, service by email is appropriate whether or not he is currently in the United States.

## DISCUSSION

Because the SEC is uncertain whether Gomez is in the United States or Mexico, it argues that (1) alternative service is proper under Texas law and Federal Rule of Civil Procedure 4(e), which governs service within the United States and (2) service by email is proper under Federal Rule of Civil Procedure 4(f), which governs service in a foreign country.

### I. Alternative Service Within the United States

First, alternative service is proper if Gomez is within the United States.

a. Legal Standard

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Rule 4(e)(1) allows a party to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain alternative methods of service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effectuated: (1) by leaving a copy of the required documents with anyone over sixteen years of age at a "location where the defendant can probably be found," as specified by affidavit or (2) "in any other manner, including electronically by social media, email, or other technology, that . . . evidence shows will be reasonably effective to give the defendant notice of the suit." *Id.* 106(b)(1)–(2).

Texas law prefers personal service over substituted service, because personal service is more reliable. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by a statement "sworn to before a notary or made under penalty of perjury," authorize substituted service. TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298 298–99 (Tex. 1993). The sworn statement accompanying the motion must "list[] any

location where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting statement "strictly complies" with Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); *Lukose v. City of Carrollton*, No. 3:25-CV-3137-G-BW, 2026 WL 759775, at *4 (N.D. Tex. Mar. 18, 2026).

b. Analysis

The SEC has provided two declarations, both made under penalty of perjury. ECF Nos. 24-1, 24-2. The first, by Delany Wyatt, the Chief Operating Officer of Cavalier, lists several locations where Gomez can probably be found—most notably, his mother's apartment, where evidence suggests Gomez's mother has been seen with a son around Gomez's age. *See Bilberry v. Transam Trucking, Inc.*, No. SA-26-CV-02203-XR, 2026 WL 1920354, at *2 (W.D. Tex. July 2, 2026) (finding that a defendant's mother's home where the defendant occasionally received mail was a "location where [the defendant] can probably be found"). The declaration also "stat[es] specifically the facts showing that service has been attempted" by personal delivery at Gomez's mother's address, among other locations. TEX. R. CIV. P. 106(b). The sworn statements attached to the Motion satisfy Rule 106.

As stated above, Rule 106(b) allows alternative service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

*Id.*

Service by email, at the address imergomez@icloud.com, is appropriate in this case. For service by email, "[c]ourts have generally required that plaintiffs provide some evidence of the email address having been recently used, or send 'test emails' to find if the email addresses would lead to emails 'bouncing back' as undeliverable." *U.S. ex rel. Proctor v. Next Health LLC*, No. 4:17-CV-169-ALM-KPJ, 2023 WL 4153144, at *4 (E.D. Tex. May 22, 2023) (citations omitted). Gomez used the email address at issue as recently as November 20, 2024, to communicate with the SEC about the enforcement action against him and his companies. *See* ECF No. 24-2 at 6. On January 7, 2026, the SEC emailed a copy of the Summons and Complaint in this case to the address, and the email was not returned as undeliverable. ECF No. 24-2 at 2. The Court thus finds that service by email "will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2).

To be more certain that Gomez will receive notice, the Court will also require Plaintiff to leave a copy of the summons, complaint, and this Order with anyone over sixteen years of age at Gomez's mother's residence at 25655 Overlook Pkwy, Apt 4205, San Antonio, TX 78260. If Plaintiff is unable to do so, it may instead post the documents to the front door at that address.

**II. Service by Email if Gomez Is in Mexico**

Next, service by email is proper if Gomez is in Mexico. Federal Rule of Civil Procedure 4(f)(3) allows for service outside of the United States by, among other options, "means not prohibited by international agreement, as the court orders." "[A] plaintiff does not have to attempt to effect service" by other means "prior to requesting the authorization . . . of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

The United States and Mexico are both signatories to the Hague Convention, which imposes certain limits on service when it applies. *Vega v. Arendal S. De R.L. De C.V.*, No. 1:21-CV-69, 2024 WL 150222, at *4 (E.D. Tex. Jan. 12, 2024) ("Through the Hague Convention, service on a Mexican citizen must be initiated via Mexico's 'Central Authority.'"). But the Hague Convention does not apply when, as here, "the address of the person to be served is not known." *Id.* So serving Gomez by email is not prohibited by international agreement.

"A method of service of process must also comport with constitutional notions of due process." *NXP USA, Inc. v. PTW Am., LLC*, 814 F. Supp. 3d 820, 823 (W.D. Tex. 2026). "Constitutional due process requires only that service of process provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quotation marks omitted). Serving Gomez by email, at imergomez@icloud.com, and leaving the required documents at his mother's address comports with due process. Gomez has, relatively recently, used the relevant email address in connection with the investigation underlying this case. The address seemingly still works, since Plaintiff's recent email to it was not returned as undeliverable. And Plaintiff has presented some evidence that Gomez might sometimes visit his mother's home in San Antonio. ECF No. 23-1 at 3. As such, service by email and by leaving the documents at Gomez's mother's home is reasonably calculated to give Gomez notice of this action and an opportunity to respond.

## CONCLUSION

For the foregoing reasons, the Motion for Alternative Service (ECF No. 24) is **GRANTED**. Plaintiff may effectuate service by *both*:

1. Emailing a copy of the summons, complaint, and this Order to imergomez@icloud.com; and

2. Leaving a copy of the summons, complaint, and this Order with anyone over sixteen years of age at Gomez's mother's residence at 25655 Overlook Pkwy, Apt 4205, San Antonio, TX 78260, or—if Plaintiff is unable to do so—posting the documents to the front door at that address.

Plaintiff must serve Gomez pursuant to this Order on or before **July 29, 2026.**

It is so **ORDERED**.

**SIGNED** this 15th day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE